THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv84

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for THE BANK OF ASHEVILLE, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ANDREW Q. HAGER and EDWARD H. WORLUND, )<br><br>Defendants. ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment. [Doc. 11].

## I. PROCEDURAL BACKGROUND

On August 3, 2010, The Bank of Asheville commenced this action against the Defendants Andrew Q. Hager and Edward H. Worlund in the General Court of Justice, District Court Division, in Henderson County, North Carolina, seeking to recover on a promissory note. [Complaint, Doc. 1-1 at 40]. The Complaint was subsequently amended to correct the spelling of Defendant Hager's name. [Amended Complaint, Doc. 1-1 at 38]. Defendant Worlund responded to The Bank of Asheville's Amended Complaint on

September 24, 2010. [Id. at 22]. Defendant Hager responded to the Amended Complaint on October 22, 2010. [Id. at 19]. Thereafter, the case was transferred to the Superior Court Division. [Id. at 14].

On January 21, 2011, The Bank of Asheville was closed and placed in the hands of the North Carolina Commissioner of Banks, who in turn appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. [Affidavit of Sherry M. Martin ("Martin Aff."), Doc. 13-1 at ¶15]. The FDIC accepted the appointment as receiver on January 21, 2011. [Id.]. On April 11, 2011, the Superior Court allowed the FDIC to be substituted as a plaintiff in the action. [Order, Doc. 1-1 at 2]. Thereafter, the FDIC removed the action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B). [Notice of Removal, Doc. 1].

The FDIC filed a Motion for Summary Judgment against both Defendants on December 1, 2011. [Doc. 11]. To date, Defendant Hager has not filed any opposition to the FDIC's Motion.[1]

---

[1] After receiving two extensions of time, Defendant Worlund filed a response to the summary judgment motion on January 10, 2012. [Doc. 18]. On February 29, 2012, Defendant Worlund filed a Suggestion of Bankruptcy with the Court, advising that he filed a bankruptcy case under Chapter 7 of the United States Bankruptcy Code on January 22, 2012. [Doc. 30]. Because this case is now subject to an automatic stay with respect to Defendant Worlund, the Court will address the FDIC's motion only insofar as it applies to Defendant Hager.

## II. THE SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the case." News and Observer Pub. Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). A "genuine dispute" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A party asserting that a fact cannot be genuinely disputed must support its assertion with citations to the record. Fed. R. Civ. P. 56(c)(1). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. Id.

> A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but rather must set forth specific facts showing that there is a genuine

3

> issue for trial. Furthermore, neither unsupported speculation, nor evidence that is merely colorable or not significantly probative, will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that reasonable minds could differ on a material point, then, regardless of any proof or evidentiary requirements imposed by the substantive law, summary judgment, if appropriate, shall be entered.

Id. (internal citations and quotation marks omitted).

In considering the facts for the purposes of a summary judgment motion, the Court must view the pleadings and materials presented in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. Adams v. Trustees of the Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011). Where the non-moving party has not responded to the motion, however, the Court may consider the forecast of evidence presented by the movant to be undisputed for the purposes of the present motion. See Fed. R. Civ. P. 56(e)(2).

## III. FACTUAL BACKGROUND

In light of Defendant Hager's failure to respond to the Plaintiff's Motion, the following forecast of evidence is not in dispute. On July 21, 2008, Defendant Hager executed a loan commitment letter issued by The Bank of Asheville. [Deposition of Andrew Hager ("Hager Dep."), Doc. 13-3, at 201 and

4

Dep. Ex. 8, Doc. 13-3 at 16]. On July 22, 2008, Defendant Hager executed a Business Loan Agreement. [Hager Dep., Doc. 13-3, at 202 and Dep. Ex. 9, Doc. 13-3 at 19].

On July 22, 2008, Defendant Hager, along with Defendant Worlund, executed a Promissory Note ("Note") in the principal amount of $637,500.00, with an original maturity date of July 22, 2010. [Amended Complaint, Doc. 1-1 at 38 ¶4; Hager Dep., Doc. 13-2, at 140 and Dep. Ex. 3, Doc. 13-2 at 68]. The Note was secured by a Deed of Trust, also dated July 22, 2008 ("Deed of Trust"), which encumbered the real property known as Lot 139, Phase 1A, Seven Falls Subdivision, Hendersonville, NC 28739. [Amended Complaint, Doc. 1-1 at 38 ¶7; Dep. Ex. 4, Doc. 13-2 at 70]. Plaintiff is the current owner and holder of the Note. [Amended Complaint, Doc. 1-1 at 38 ¶11]. The Note is past due and in default. [Id. at ¶10; Martin Aff., Doc. 13-1 at ¶¶8, 10]. As of July 29, 2010, the balance due and owing under the Note was $672,223.34, together with interest at the rate of $123.96 per diem from July 29, 2010. [Martin Aff., Doc. 13-1 at ¶9].

By a letter dated April 21, 2010, counsel for The Bank of Asheville sent a letter to Defendant Hager, notifying him that he was in default and stating the balance due and owing under the Note. In addition, the letter advised that

The Bank of Asheville also would seek to recover its reasonable attorneys' fees pursuant to the Note. The letter advised that Defendant Hager could avoid having to pay The Bank of Asheville's attorneys' fees if the outstanding balances due and owing on the Note were paid within ten days from the date of receipt of the letter. [Id. at ¶ 11]. The ten-day deadline has long since passed, and the outstanding balances on the Note remain unpaid. [Id. at ¶ 13].

## IV. DISCUSSION

At the time of its execution, the Note involved a loan made by The Bank of Asheville to Defendants Hager and Worlund. As receiver for The Bank of Asheville, the Plaintiff succeeded to all rights, titles, and powers and privileges of The Bank of Asheville, including the Note. See 12 U.S.C. § 1821(d)(2)(A). Accordingly, Plaintiff is the holder of the Note and thus has standing to bring this action to recover amounts due and owing under the Note.

In the Amended Complaint, the Plaintiff seeks to recover all amounts due and owing to it as a result of the default of the Defendants on the Note. Based on the undisputed facts as set forth above, Defendant Hager is liable for full repayment of the Note.

In addition to the recovery of the outstanding indebtedness, the Plaintiff also seeks to recover its reasonable attorneys' fees incurred in enforcing the Note. [Am. Compl., Doc. 1-1 at 38 ¶13]. Under North Carolina law, a party generally cannot recover attorneys' fees "unless such a recovery is expressly authorized by statute." Stillwell Enters., Inc. v. Interstate Equip. Co., 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980). Section 6-21.2 of the North Carolina General Statutes allows for an award of attorneys' fees in actions to enforce obligations owed under a promissory note that itself provides for the payment of attorneys' fees. That section provides, in pertinent part, as follows:

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through any attorney at law after maturity....

N.C. Gen. Stat. § 6-21.2.

In the Note, Defendant Hager agreed as follows:

> Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including reasonable attorneys' fees, expenses for bankruptcy proceedings

7

> (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

[Dep. Ex. 3, Doc. 13-2 at 69]. Therefore, pursuant to § 6-21.2, the Plaintiff may seek recovery of its attorneys' fees in this action.

When a promissory note provides for the payment of reasonable attorneys' fees by the debtor without specifying any specific percentage, "such provision shall be construed to mean fifteen percent (15%) of the 'outstanding balance' owing on said note...." N.C. Gen. Stat. § 6-21.2(2). An "outstanding balance" is defined as "the principal and interest owing at the time suit is instituted to enforce any security agreement securing payment of the debt and/or to collect said debt." N.C. Gen. Stat. § 6-21.2(3). Because the provision in the Note regarding payment of attorneys' fees does not specify an amount of fees to be awarded, the Plaintiff is entitled to recover from Hager its attorneys' fees in an amount equal to 15% of the outstanding balance of the Note.

Finally, section 6-21.2 requires a creditor to notify all parties sought to be held on the obligation that the creditor will seek to enforce the attorneys' fees provision contained in the note and that if the party pays the outstanding balance within five days from the mailing of such notice, then the attorneys'

8

fee obligation shall be void. N.C. Gen. Stat. § 6-21.2(5). The undisputed forecast of evidence demonstrates that the Plaintiff complied with this provision by the delivery of the letter to Defendant Hager on April 21, 2010.

Having satisfied all of the requirements of N.C. Gen. Stat. 6-21.2, the Court concludes that the Plaintiff is entitled to recover from Defendant Hager the sum of $100,833.50 as a reasonable attorneys' fee. Finding no just reason for delay, the Court will direct the Clerk to enter a final judgment as to the Plaintiff's claims against Defendant Hager. See Fed. R. Civ. P. 54(b).

## V. CONCLUSION

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED** with respect to Defendant Andrew Q. Hager only and shall remain pending with respect to Defendant Edward H. Worlund until the automatic stay is lifted.

**IT IS FURTHER ORDERED** that the Plaintiff is hereby awarded against the Defendant Andrew Q. Hager the sum of $672,223.34, together with interest at the rate of $123.96 per day from and after July 29, 2010, plus the sum of $100,833.50 as an award of reasonable attorneys' fees.

**IT IS FURTHER ORDERED** that the Clerk shall enter a Final Judgment against Defendant Hager pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Signed: March 6, 2012

Martin Reidinger
United States District Judge